UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| WILLIAM T. TERRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:11-CV-236 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| THE HONORABLE WHEELER A. ) | |
| ROSENBALM and THE HONORABLE ) | |
| MICHAEL W. MOYERS ) | |
| ) | |
| Defendants. ) | |

## **M E M O R A N D U M**

Before the Court is Defendants' Judge Wheeler A. Rosenbalm and Judge Michael W. Moyers ("Defendants") motion to dismiss the case (Court File No. 8). Plaintiff William T. Terrell ("Plaintiff") has responded (Court File No. 12). For the following reasons, the Court will grant Defendants' motion (Court File No. 8) and dismiss the case.

Both Defendants are Tennessee state judges in Knox County: Judge Rosenbalm is a Circuit Court Judge, and Judge Moyers is a Chancery Court Judge sitting in the Circuit Court by interchange. Plaintiff has unrelated cases pending before both judges: Judge Rosenbalm presides over a consumer lawsuit brought by Plaintiff; Judge Moyer is the judge in Plaintiff's divorce case.

Plaintiff has sued both Defendants in their official capacities, seeking declaratory and injunctive relief. Specifically, he asks this Court to declare myriad actions by Defendants in the cases over which they preside arbitrary, capricious, unreasonable, and a violation of Plaintiff's due process and equal protection rights; to issue a preliminary injunction enjoining Defendants and any successors from conducting any further proceedings in the pending state cases until this case is resolved; and to permanently enjoin both Judges from ever presiding over the pending state cases.

Plaintiff's 19 page complaint is densely packed with factual allegations, but in a nutshell his

claims are as follows: With respect to Judge Rosenbalm, Plaintiff alleges the Judge made disparaging remarks (and inaccurate statements) about the laws governing consumer lawsuits, revealing him to be a partial and interested jurist who is predisposed to finding against Plaintiff. Plaintiff further alleges Judge Rosenbalm denied summary judgment on Plaintiff's consumer lawsuit, yet was unable to articulate what disputed material facts precluded summary judgment. Plaintiff also alleges Judge Rosenbalm failed to enforce filing deadlines against the defendant in the state case, and allowed the defendant to make arguments at a hearing which had not been briefed. The upshot of these alleged improprieties, Plaintiff claims, is a deprivation of Plaintiff's federal due process and equal protection rights.

With respect to Judge Moyers, Plaintiff makes the eye-opening claim that the Judge's ruling on a dispute over attorney's fees has effectively invalidated Plaintiff's marriage to his current spouse. Judge Moyers presided over Plaintiff's divorce case with his ex-spouse. A Final Judgment of Divorce was entered in March 2008, and an Amended Final Judgment was entered in September 2008 to reflect the adjudication of certain post-trial motions. Following the divorce, a dispute arose between Plaintiff and his ex-wife regarding photographs the ex-wife was supposed to turn over pursuant to the Amended Final Judgment, and Plaintiff filed a petition for contempt. Judge Moyers denied the petition for contempt in June 2009, but a year later granted Plaintiff's motion to reconsider and in January 2011 granted the petition for contempt.[1] During the pendency of the petition for contempt, Plaintiff remarried. Also during the pendency, Plaintiff's ex-wife filed a motion for attorney's fees arising from the petition for contempt and the post-trial motions preceding

---

[1] Plaintiff alleges a written order has not yet followed the oral grant of Plaintiff's petition, thereby resulting in a deprivation of Plaintiff's property interests.

the Amended Final Judgment. Judge Moyers has not yet ruled on the ex-wife's motion for attorney's fees. Plaintiff alleges that by failing to outright dismiss or deny the motion for attorney's fees, Judge Moyers has implicitly, yet effectively, ruled that the September 2008 Amended Final Judgment was *not*, in fact, final. Thus, reasons Plaintiff, he has not actually been divorced from his ex-wife. Moreover, following this grim reasoning to its bitter end, Plaintiff concludes his 2010 marriage to his present wife *is invalid as illegal*! According to Plaintiff, Judge Moyer's action – or inaction, as it were – has violated Plaintiff's Fourteenth Amendment rights to obtain a divorce and to remarry.

Defendants argue the Court should dismiss Plaintiff's complaint on grounds of *Younger* abstention. The Court agrees. Interests of comity and federalism discourage federal courts from interfering with pending state judicial proceedings absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971). Although the *Younger* abstention doctrine arose in the criminal arena, it now applies to civil cases as well. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Pursuant to this doctrine, the Court will abstain from interfering with state court proceedings when (1) the state proceedings are currently pending; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Id*.

Plaintiff concedes the first two elements are met here. Thus, the only material question is whether Plaintiff has an adequate opportunity to raise his constitutional challenges in the state proceedings. Plaintiff argues he does not have such an opportunity. According to Plaintiff, the fact that the alleged constitutional violations were caused by the Judges presiding over the ongoing state proceedings makes it exceedingly unlikely Plaintiff would get a "fair shake" from them.

3

Furthermore, argues Plaintiff, State appellate avenues will not afford meaningful review of constitutional issues. As grounds for this latter assertion, Plaintiff cites *Terrell v. United Van Lines, Inc.*, 2005 WL 1000231 (Tenn. Ct. App. Apr. 29, 2005), a 2005 case in which he sued his moving company and moving company's insurer. The trial court entered a judgment for monetary damages in Plaintiff's favor, but refused to permit Plaintiff to amend the complaint to state an additional claim, and disallowed Plaintiffs' Rule 11 motion for sanctions. Plaintiff appealed the amended complaint and motion for sanctions issues to the Tennessee Court of Appeals. The Court of Appeals ruled against Plaintiff, relying on an issue that was not argued at trial and was not raised on appeal, namely, whether Plaintiff suffered any ascertainable losses.[2] Plaintiff sought permissive review by the Tennessee Supreme Court, specifically raising constitutional issues of due process and equal protection arising out of the Court of Appeals' grounds of decision, and the Supreme Court denied review. According to Plaintiff, this experience establishes that Tennessee appellate courts not only will not enforce federal constitutional rights, they are *themselves* violators of constitutional rights. Thus, argues Plaintiff, he has no meaningful opportunity to raise his present constitutional challenges in state court.

The Court finds Plaintiff's argument unpersuasive, to put it mildly. State court judges are bound by the United States Constitution, and state courts are presumed hospitable to federal claims. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, (1987); *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995). This presumption is only set aside when "it plainly appears that [pursuit of constitutional

---

[2]Tenn. R. App. P. 13(b) gives appellate courts discretion to consider issues not present for review "in order, among other reasons: (1) to prevent needless litigation, (2) to prevent injury to the interests of the public, and (3) to prevent prejudice to the judicial process." However, Plaintiff argues this rule is inapplicable where the court has not given fair notice and an opportunity to be heard on the issues.

4

claims in state court] would not afford adequate protection." *Younger* 401 U.S. at 45. Even assuming the Tennessee Court of Appeals relied on improper grounds of decision six years ago in the *United Van Lines* case, something the Court is not here deciding, this fact would not persuade the Court that Tennessee appellate courts are generally inadequate protectors of constitutional rights when judicial conduct is at issue, or violate litigants' constitutional rights themselves. One swallow does not a summer make, and one wrongly decided appeal does not render a state's appellate system an inadequate venue for constitutional claims. Put simply, the Tennessee Court of Appeals' decision in *United Van Lines* and the Tennessee Supreme Court's subsequent denial of discretionary review is too thin a reed to support Plaintiff's claim that he will not have an adequate opportunity to raise his constitutional challenges in the ongoing state proceedings.

Accordingly, the Court determines *Younger* abstention is appropriate here, and will **GRANT** Defendants' motion to dismiss (Court File No. 8).

An Order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**